UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 05-61959-CIV-MARRA/JOHNSON

WINNIEFRED RAMSAY,

    Plaintiff,

v.

BROWARD COUNTY SHERIFF'S
OFFICE, et al.,

    Defendants.
_____/

## OPINION AND ORDER

THIS CAUSE is before the Court upon Defendant John Auer's Motion to Dismiss (DE 13) and Defendant Danny Wright's Motion to Dismiss (DE 14), filed July 31, 2007, in case number 07-60810-CIV-MARRA.[1]  Plaintiff responded to Defendant Wright's Motion to Dismiss (DE 101, No. 05-61959) on August 31, 2007.  No response has been filed with respect to Defendant Auer's motion, and Defendant Wright did not file a reply.

### *Background*

On June 11, 2007, Plaintiff filed a four-count Complaint (DE 1), alleging a tangible employment action, race discrimination, national origin discrimination, and retaliation under both Title VII and the Age Discrimination in Employment Act.  The facts alleged in the Complaint are as follows: Plaintiff was employed by the Broward County Sheriff's Office (BSO)

---

[1] That case was consolidated with the instant case on July 25, 2007, by Order of the Court. (DE 95).  Unless otherwise noted, all docket entry numbers refer to the closed case, 07-60810-CIV-MARRA, since the motions were originally filed in that case.

from 2001 to 2006 as a Child Protective Investigator. (Compl. ¶ 3.)  Defendants Wright and Auer both served as Directors while Plaintiff served with the BSO. (Compl. ¶ 5.)  Among Plaintiffs allegations, she claims that "[y]ounger white American employees who were similarly situated were treated more favorably." (Compl. ¶ 10.)  Plaintiff also claims that she was "subjected to various retaliatory hostilities on the job" after filing a complaint with the Equal Employment Opportunity Commission – for instance, denying her certain benefits given to other employees and impeding her career advancement. (Compl. ¶ 13-14, 16.)  Plaintiff details other aspects of her hostile workplace, including "humiliation, intimidation, harassment," and discrimination. (Compl. ¶ 28.)  Plaintiff also asserts that she was rejected for a promotion on the basis of her race and national origin. (Compl. ¶¶ 32, 38.)

Defendants Auer and Wright move to dismiss the counts in the Complaint against them as individuals, arguing that there is no individual liability under either Title VII or the ADA. (DE 13, 14.)  Further, both Defendants argue that Plaintiff has not made a single allegation in her Complaint regarding wrongdoing by either Auer or Wright.

### *Standard of Review*

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a).  The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell*

*Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

The Supreme Court has established that a court should afford a *pro se* litigant wide leeway in pleadings.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (holding allegations of a *pro se* complaint to a less stringent standard than formal pleadings drafted by lawyers).  However, this leniency does not give the court license to rewrite an otherwise deficient pleading in order to sustain an action.  *GJR Investments, Inc., v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).  *Pro se* litigants are required to meet certain essential burdens in their pleadings.  *See Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

### *Discussion*

It is well established that an individual who is not an employer cannot be held liable under either Title VII or the ADEA.  *See, e.g., Pennsylvania State Police v. Suders*, 542 U.S. 129, 138 n.4; *Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995.)  Both statutes allow claims against employers only, not individuals.  *Lomax*, 45 F.3d at 403 n.4.  Plaintiff is well-aware of this fact, given that this Court already dismissed two other claims brought by Plaintiff against non-employer individuals under the ADEA in case 05-61959-CIV-MARRA.  (DE 33, No. 05-61959.)  Allowing Plaintiff leave to amend her Complaint to reassert her claims against Auer and Wright would be futile, since she *cannot* bring claims of discrimination under Title VII or the ADEA against non-employer individuals.  Further, even if such claims were permitted, Plaintiff has not made *one single factual allegation* regarding the discriminatory behavior in which Auer

3

or Wright have engaged. As such, Plaintiff's claims against Defendants Auer and Wright under Title VII and the ADEA are dismissed with prejudice.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Wright's Motion to Dismiss (DE 14) and Defendant Auer's Motion to Dismiss (DE 13) are **GRANTED**. All counts in the Complaint (DE 1) as to Wright and Auer are **DISMISSED WITH PREJUDICE**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 13th day of November, 2007.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
Winniefred Ramsay, *pro se*
All counsel of record